UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62105-BLOOM/Valle

BOSCH MARINE YACHT SERVICES LLC,

    Plaintiff,

v.

S/V POLAR VORTEX, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's counsel's Unopposed Motion to Withdraw as Counsel for Plaintiff, ECF No. [36] ("Motion"). The Court has reviewed the Motion, the record and applicable law, and is otherwise fully advised.

Without elaboration, the Motion represents that irreconcilable differences have arisen between Plaintiff and its counsel, which differences "necessitate[e] the withdrawal." *Id.* Upon review and consideration, the Motion is denied.

First, the Motion is procedurally deficient. Local Rule 11.1(d)(3) provides that "no attorney shall withdraw the attorney's appearance in any action or proceeding except by leave of Court after notice served on the attorney's client and opposing counsel." *Id.* Here, the Motion provides that Defendants' counsel was served, and that Defendants do not oppose the relief requested. But the Motion is entirely silent as to whether Plaintiff was provided notice prior to counsel filing the Motion or whether Plaintiff even agrees to withdrawal. Thus, this alone constitutes a sufficient basis to deny the Motion.

Second, the Motion is substantively unwarranted. Irreconcilable differences alone are not a valid basis for withdrawal. This is especially the case where, as here, the Motion contains only a

twelve-word one sentence vague and threadbare comment that makes no effort to describe the nature of the supposedly irreconcilable differences. Based on the Motion's few words, the Court cannot ascertain whether withdrawal is truly necessary, evaluate whether good faith efforts to resolve the differences have been undertaken, or understand why the differences are irreconcilable so as to "necessitate" withdrawal.

Finally, the Motion fails to address the procedural posture of this case. The Defendant has filed a motion to compel production of records, ECF No. [34], which motion is pending and clearly implicates Plaintiff's counsel. That motion represents that Plaintiff's counsel advised Defendants' counsel that certain records would be produced by March 9, 2020, but that despite giving assurances, the records at issue have not been produced, and the expert discovery deadline is approaching. *See id.* Based on the record, the Court cannot conclude that Plaintiff would not be prejudiced if counsel were to withdraw at this time.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [36]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 13, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record